# Wheeling.

## JONATHAN PURDY *vs.* WILLIAM RUTTER.

### January Term, 1869.

Where a bill charges a certain debt due from the defendant and that it is entitled to certain credits, and the defendant's answer does not aver any other credits than those admitted in the bill, to which answer there is general replication and issue is made up thereon, the defendant cannot avail himself of other credits claimed to be proved in the cause, under the issue thus made.

This case was determined upon the facts alleged and proven in the settlement of the partnership account between the parties, and which are substantially set forth in the opinion of the judge. The case was brought to December rules, 1865, in Marshall county.

*Wheat* for the appellant.

*Lamb & Paull* for the appellee.

MAXWELL, J. This is an appeal from a decree rendered in the circuit court of Marshall county.

Purdy filed his bill, alleging that he and Rutter had before that time entered into a copartnership for the purchase and sale of cattle and hogs, each party to contribute an equal share of the capital and share equally loss or profits.

The complainant charges in his bill that he invested of his individual funds in the purchase of cattle, and the charges thereon, the sum of 4,756 dollars and 79 cents; that during the same time Rutter invested in the same manner 2,497 dollars and 59 cents; that Rutter had taken the cattle in which these sums were invested, except three of them, to the Baltimore market and there sold them, and had re-

ceived on account of the sale 6,820 dollars; that the complainant had sold three of the cattle himself, for which he received 245 dollars; that Rutter had paid him certain specified sums at the dates specified in the bill, amounting in the aggregate, including the said sum of 245 dollars and the sum of 167 dollars and 25 cents, to which Rutter was entitled, to the sum of 3,532 dollars and 75 cents, as stated in the bill, but the correct addition makes the sum 3,528 dollars and 75 cents, and charges that there is a balance due from Rutter and prays a settlement of the partnership accounts.

The defendant, in his answer, denied that the amount stated by the complainant as invested by him, was the true amount invested by the complainant, and charges that he himself invested a greater amount than that charged by the complainant. The defendant also denies that he received the amount charged in the bill on the sale of the cattle, but admits that the net amount received by him was 6,592 dollars and 79 cents. In respect to the charge in the bill as to the amount of money received by the complainant the answer states, "complainant admits, in the account filed with his bill, payments made to him by respondent and credits, to which he (respondent) is entitled to the amount of 3,528 dollars and 75 cents."

To the answer there was a general replication.

The cause was referred to a commissioner to settle the accounts of the parties, who made a report which was excepted to and the exceptions sustained, and a decree rendered for the defendant for 415 dollars and 24 cents, with interest from June 6th, 1865, and the costs of his defense. The evidence which the commissioner had before him is in the record. The commissioner reported the sum due the complainant to be 801 dollars and 27 cents.

The proof in the record shows that the complainant invested in the cattle 4,538 dollars and 32 cents, and that the defendant invested in them 1,996 dollars and 50 cents, but take, instead of the sum proved by the defendant to have been invested by him, the sum which the complainant ad-

mits was invested by him, the sum of 2,497 dollars and 59 cents, making a total of 7,035 dollars and 91 cents, which is more than the net proceeds of sales by the sum of 198 dollars and 12 cents, which is the loss on the cattle, one-half of which, or the sum of 99 dollars and 6 cents, deducted from 4,538 dollars and 32 cents, the amount put in by the plaintiff, and we have 4,439 dollars and 26 cents, to which the plaintiff is entitled out of the proceeds of the sales of the cattle, from which deduct the payments received by him, as stated in the bill and admitted in the answer, and we have the sum of 910 dollars and 51 cents, the balance due the complainant.

This is the result to which we are brought if we are confined to the issues made up on the bill and answer. But the defendant claims that he is entitled to the benefit of a credit for the further sum of 800 dollars at one time and 1,200 dollars at another time, which he claims that his proof shows outside of the credits admitted in the bill and not controverted in the answer. The answer does not aver that the defendant will claim the benefit of any other credits than those stated in the bill. It is not clear that these items are not already included in the credits admitted by the complainant in his bill, but if they are not the defendant is not entitled to avail himself of them and have them allowed under the pleadings in the case, as no credits are claimed in the answer other than those admitted in the bill. For the doctrine on this subject see Daniels' Chy P. & Prac., 812, 992; Story's Eq. Pl., sec. 247.

The report of the commissioner in the case was, therefore, pretty nearly correct, and the only error in it consists in taking the amount stated in the bill of 7,254 dollars and 38 cents, as the sum invested, instead of the sum of 7,035 dollars and 91 cents, as shown by the proofs in the case. Correcting the report in this respect it will show the sum due the complainant to be the sum before stated of 910 dollars and 51 cents, for which a decree ought to have been rendered, instead of the decree that was rendered for the defendant.

The decree complained of will have to be reversed, with costs to the appellant, and this court, proceeding to enter such decree as the court below ought to have rendered, must decree that the complainant Purdy recover from the defendant Rutter the sum of 910 dollars and 51 cents, with interest thereon from November 1st, 1865, and the costs of his suit.

The other judges concurred.

DECREE REVERSED.